FILED
February 20, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____SAF_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>ABELARDO HERNANDEZ,<br><br>Defendant. | § § § § § § § § | No. SA-15-CR-392-OLG |

## AGREED ORDER REVOKING SUPERVISED RELEASE AND RE-SENTENCING DEFENDANT

On this day came on to be considered the Government's Motion to Revoke Supervised Release. Through their signatures below, the parties have recommended a disposition in this cause. The Court concurs with this disposition which is supported by findings set forth below.

### I. Findings

*Supervised Release Imposed.* On or about June 22, 2017, this Court sentenced the Defendant to 90 months imprisonment to be followed by 3 years of supervised release, and a $100 special assessment, for the offense of Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C).

On December 27, 2022, the Court ordered the Defendant arrested for violation of the Defendant's conditions of supervised release pursuant to a Petition for Warrant or Summons for Offender Under Supervision submitted by the United States Probation Office (ECF No. 751), incorporated herein.

*Admitted Supervision Violations.* Defendant admits he has violated Mandatory Condition No. 3 as alleged in the Petition submitted by the United States Probation Office. Specifically, Defendant did not submit to drug tests as ordered by the Court.

*Defendant's Acknowledgments.* The Defendant acknowledges that: (1) upon revocation of

the Defendant's supervised release, the Court could assess imprisonment up to a statutory maximum of 24 months consecutive to any other sentence, and impose supervised release for a term up to Life, and payment of any unsatisfied monetary sanction previously imposed; (2) the parties project the Defendant's non-binding revocation policy-statement imprisonment range to be 4 to 10 months; (3) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (4) the Defendant does not contest the above-related factual summary of the evidence of the Defendant's misconduct and admits to the allegations therein; and (5) the United States could prove such misconduct by a preponderance of the evidence.

*Defendant's Waiver of Rights.* Through their signatures below, the Defendant and the Defendant's attorney specifically assert, and the Court finds, that the Defendant voluntarily, knowing, and intelligently: (1) waives the Defendant's rights under the Constitution, Fed.R.Crim.P. 32.1(a)(2), and 43, 18 U.S.C. §3583(e)(3), and/or otherwise, to be present and participating with the Defendant's lawyer at a proceeding at which the Defendant's supervised release is revoked and the Defendant's is re-sentenced, as accomplished by this Order; and (2) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or the Defendant's counsel.

*Defendant's Waiver of Appeal.* By entering into this agreement, and as a term of this agreement, the Defendant voluntarily and knowingly waives the right to appeal the revocation and sentence on any ground. The Defendant also voluntarily and knowingly waives any right to contest the sentence in any post-conviction proceeding, including, but not limited to, a proceeding pursuant to 28 U.S.C. §2255; provided, however, that consistent with principles of professional

responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive the right to challenge the sentence on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

*Defendant's Plea of True.* As evidenced by the Defendant's signature below, and that of the Defendant's attorney, the Defendant acknowledges that the Defendant has reviewed the violation(s) set forth herein with the below attorney, that the Defendant acknowledges the allegation(s) herein is (are) true, and that the Defendant pleads true to this (these) violations(s).

## II. Order

In view of the foregoing, based on the Defendant's uncontested violations of the Defendant's supervised release for which there is an adequate factual basis as summarized above, the Court finds, determines, and orders that:

1. The allegations of the violations listed herein are true.

2. The Defendant's supervised release is revoked pursuant to 18 U.S.C. §3583(e).

3. The Defendant is remanded to the custody of the Bureau of Prisons for **A PERIOD OF TIME SERVED** consecutive to any other sentence, to be served immediately without extension of bond or self-surrender and without credit for time served on post-release supervision.

4. Pursuant to 18 U.S.C. § 3583(h), upon the Defendant's discharge of the Defendant's sentence of imprisonment, Defendant shall be placed on **10 MONTH TERM OF SUPERVISED RELEASE.** All previously imposed conditions of supervised release are herein reimposed. Defendant has reviewed these conditions with counsel and had no objection to

their reimposition.

5. Monetary sanctions imposed in this case that remain unpaid are imposed.

**APPROVED** and **ORDERED** ON THIS ___20th___ day of ___February___, 2024.

_____
HONORABLE JUDGE ORLANDO GARCIA
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____          _____
ABELARDO HERNANDEZ                                               LORAINE EFRON
Defendant                                                                      Counsel for Defendant

_____
BETTINA J. RICHARDSON[1]
Assistant United States Attorney

---

[1] Counsel for the Government has conferred with the United States Probation Officer and the Officer agrees with the parties that this sentence is appropriate.